FILED
United States Court of Appeals
Tenth Circuit

May 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NADINE ESPINOZA-HORIUCHI,

    Plaintiff - Appellee,

v.

    WALMART STORES, INC.,

    Defendant - Appellant.

No. 17-1080
(D.C. No. 1:16-CV-00219-REB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.
_____

    Nadine Espinoza-Horiuchi sued Walmart, Inc. for employment discrimination. She appeals regarding two district court orders. We lack jurisdiction to review the first order because the notice of appeal was untimely. We affirm as to the second order because the issue has been inadequately briefed, and Ms. Espinoza-Horiuchi has otherwise not shown a ground for reversal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

First, the district court granted summary judgment for Walmart and issued a final judgment on December 27, 2016. On January 9, 2017, the court struck Ms. Espinoza-Horiuchi's motion for reconsideration from the docket. She filed her notice of appeal on February 28, 2017. Because she filed the notice more than 30 days from entry of the judgment, we lack jurisdiction to review the grant of summary judgment. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Bowles v. Russell*, 551 U.S. 205, 208 (2007).

Second, on February 23, 2017, the district court issued a bill of costs for Walmart for $848.80. Ms. Espinoza-Horiuchi's February 28, 2017 notice of appeal mentions the bill of costs and therefore was timely filed for our review of this issue. The bill of costs ($848.80) covered the "[c]osts incident to taking of depositions" totaling $792.00 and "[o]ther expenses" totaling $56.80. ROA at 262. The district court attached copies of materials supporting these costs. *Id.* at 263-64. Ms. Espinoza-Horiuchi's brief argues only that the "records of me going to court which were/are <u>irrelevant</u> to the case and expected me to pay for the Bill of Costs for these records." Aplt. Br. at 4 (emphasis in original). The brief does not specify which "records" were irrelevant or why they were irrelevant, and does not show why they district court may have erred in issuing the bill of costs. The issue is therefore inadequately briefed. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). Ms. Espinoza-Horiuchi has not otherwise demonstrated a ground for reversal.

Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal of the summary judgment decision for lack of jurisdiction and affirm the district court's bill of costs.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge